# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TROY RAY EMANUEL, JR.,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:16-cv-01368-GMN-GWF

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted. The petition shall now be filed and served on respondents.

Petitioner seeks the appointment of counsel. (ECF No. 2). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*,

469 U.S. 838 (1984).  The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring.  The issues in this case are not complex.  Counsel is not justified in this instance and petitioner's motion is denied.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE and ELECTRONICALLY SERVE** the petition upon the respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ADD** attorney General Adam Paul Laxalt to the CM/ECF docket sheet as counsel for respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from the entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address all claims presented in the petition.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

Dated this  30  day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court