# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TROY RAY EMANUEL, JR.,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents*.

2:16-cv-01368-GMN-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 7), in connection with an amended petition (ECF No. 18) filed by petitioner substantially thereafter without obtaining leave to amend, and on *sua sponte* reconsideration of the prior denials of petitioner's motions for appointment of counsel (ECF Nos. 2 and 14). In the motion to dismiss, respondents contend that Grounds 1 and 2 of the original petition are unexhausted and that Grounds 2 and 3 are not cognizable. The improperly-filed amended petition potentially would reassert only original Grounds 2 and 3.

## *Background*

Petitioner Troy Emanuel challenges his November 1, 2013, Nevada state conviction: (a) pursuant to a guilty plea, of one count of conspiracy to commit murder, four counts of battery with the use of a deadly weapon resulting in substantial bodily harm, and one count of robbery with the use of a deadly weapon; and (b) pursuant to an *Alford* plea, of five counts of attempted murder with the use of a deadly weapon. He is sentenced in the aggregate to approximately 14 to 35 years, with sentences on multiple counts running concurrently.

Petitioner originally was represented in the state criminal proceedings by the public defender. The public defender withdrew due to a conflict, however; and Richard Tannery was appointed as trial counsel. (See ECF Nos. 9-3 & 9-7; Exhibits 3 & 7.)

Emanuel entered the guilty and *Alford* pleas on the Monday morning scheduled for the trial, May 20, 2013. Tannery was representing Emanuel at this time. (See ECF Nos. 9-19 & 10-3; Exhibits 19 & 23.)

Emanuel was 19 years old at the time of the change of plea. (See ECF No. 9-16, at 30; Exhibit 16.)[1]

When the matter came on for sentencing two months later on July 29, 2013, Tannery informed the state district court that petitioner had been attempting to file proper person motions to withdraw his pleas on the ground that Tannery had coerced him into entering the pleas. The court allowed Tannery to withdraw as counsel and appointed Roy Nelson as replacement defense counsel. (ECF No. 10-5; Exhibit 25.)[2]

The transcript from a September 16, 2013, status check proceeding reflected that Nelson had advised Emanuel that he believed that the more appropriate avenue for him to present his claims regarding the pleas would be through a post-conviction petition. A hearing was scheduled, however, so that Emanuel could cross-examine Tannery as to what Tannery may have promised him regarding his sentencing. (ECF No. 10-6; Exhibit 26.)

Such an evidentiary hearing apparently did not occur prior to sentencing, however; and petitioner appeared instead for sentencing on October 23, 2013. Nelson represented Emanuel at the sentencing. (ECF Nos. 10-7 & 10-8; Exhibits 27 & 28.)

////

---

[1] All page citations are to the page numbering in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document. The specific record citation as to petitioner's age is to a police report reflecting the date of his December 1993 birth. The state district court also referred to Emanuel being 19 at the October 21, 2013, sentencing. (See ECF No. 10-7, at 9; Exhibit 27.)

[2] On June 20, 2013, the state district clerk had received but did not file a proper person motion and memorandum seeking to set aside the plea due to alleged ineffective assistance of counsel. (See ECF No. 9-10, at 151-58; Exhibit 10.)

On October 31, 2013, the state district court clerk received but did not file a proper person motion to vacate the judgment and withdraw plea due to ineffective assistance of counsel. The clerk did not file the motion because petitioner was represented by counsel. (See ECF No. 9-10, at 121-150; Exhibit 10.)

No direct appeal was filed, although petitioner maintains that he tried to file a notice of appeal in proper person and that he told Nelson that he wanted to appeal. (See ECF No. 9-10, at 65-66; Exhibit 10.)

When Emanuel later filed a state post-conviction petition, he presented and/or referred to claims that he was denied effective assistance of counsel because his prior counsel: (1) indicated that he could get a better deal than the State had offered but never got back to him thereafter about a plea deal; (2) failed to properly investigate the matter in order to secure a better plea deal; (3) failed to pursue a motion to withdraw plea; (4) failed to file a direct appeal; and (5) failed to communicate with petitioner's mother regarding mitigating evidence. (ECF No. 10-11, at 3-5, 7-9, 12-14 & 16; Exhibit 31.)

Roy Nelson was appointed to represent Emanuel in the state post-conviction proceeding despite Nelson being the subject of a number of Emanuel's claims of ineffective assistance of counsel. Nelson filed a supplemental petition pursuing a claim only that Richard Tannery was ineffective in failing to properly explain to Emanuel the terms of the guilty plea agreement entered into on the morning of trial. (ECF No. 10-20; Exhibit 40.)

Emanuel attempted to file proper person papers on or about August 13, 2014, August 27, 2014, September 2, 2014, November 3, 2014, and November 7, 2014, seeking, *inter alia*, to alert the court to Nelson's conflict of interest due to having to argue his own ineffectiveness and seeking to be able to present claims without conflict-laden counsel. Each time, the state district court clerk did not file the papers because Emanuel was represented by Nelson. (See ECF No. 9-10, at 50-54, 58-68, 71-75, 76-80 & 87-116; Exhibit 10.)

Nelson ultimately was removed by the Supreme Court of Nevada during the appeal filed following the denial of post-conviction relief by the state district court. Nelson was not removed because of the apparent conflict of interest, however. He instead was removed

because he failed to timely file a fast track statement and appendix and otherwise respond to a conditional sanctions order. (ECF No. 11-17; Exhibit 57.)

Matthew Lay was appointed as post-conviction counsel thereafter. Lay filed a fast track statement on the post-conviction appeal contending that: (1) Emanuel's post-plea and post-conviction counsel (Nelson) had a conflict of interest that adversely affected counsel's performance in the post-conviction proceeding; and (2) the state district court erred in dismissing the petition without conducting a meaningful evidentiary hearing on the claim challenging the plea based upon Tannery's representation without Tannery being present for the evidentiary hearing. (ECF No. 11-18, Exhibit 58; ECF No. 12-12 at 9-27, Exhibit 72.)

The state appellate courts, *inter alia*, declined to consider the claim that Nelson had a conflict of interest that adversely affected his performance in the post-conviction proceeding in the state district court because the claim had not been raised in the state district court, by the attorney who allegedly had the conflict of interest, Nelson. (ECF No. 12-21; Exhibit 81.)[3]

In the original federal petition, Emanuel alleged in Ground 1 that he was denied effective assistance of counsel and due process in violation of the Fifth, Sixth, and Fourteenth Amendments because: (a) counsel Richard Tannery coerced him into entering the pleas by failing to accurately convey the terms of the guilty plea agreement; and (b) Tannery induced him to enter pleas to multiple charges as to which multiple punishments could not be imposed without violating the Double Jeopardy Clause. (ECF No. 4, at 3.)

In Ground 2, he alleged that he was denied effective assistance and due process because: (a) counsel Roy Nelson convinced petitioner to abandon a pre-sentencing motion to withdraw guilty plea to instead pursue the issue in a post-conviction proceeding; (b) Nelson convinced petitioner to abandon a direct appeal despite being requested to file an appeal; and (c) Nelson did not effectively represent petitioner in the state post-conviction proceedings because of the conflict of interest. (ECF No. 4, at 5.)

---

[3]The appellate court noted that the issue was not raised in the petition – which was filed in proper person before Nelson was appointed as post-conviction counsel – or supplement – which was filed by the conflict-laden Nelson and with regard to which petitioner was not permitted to make any proper person filings.

In Ground 3, he alleged that he was denied effective assistance and due process when the state district court failed to conduct a meaningful evidentiary hearing with Tannery present for the hearing. (ECF No. 4, at 7.)

As noted initially, respondents contend in the motion to dismiss that Grounds 1 and 2 are unexhausted and that Grounds 2 and 3 are not cognizable in federal habeas corpus.

Petitioner's response to the motion in the main argued the merits of Grounds 2 and 3 without directly addressing respondents exhaustion and noncognizability arguments. In his response, he maintained, *inter alia*, that counsel Nelson had failed to raise an appeal deprivation claim because of the conflict of interest. Petitioner also requested that the matter be stayed so that he could return to state court to exhaust any unexhausted claims. (ECF No. 16.)

Seven months after the filing of the motion to dismiss, petitioner filed an amended petition without first having obtained leave of court to do so. Petitioner inserted into the body of the amended petition a copy of Lay's argument from the state post-conviction appeal, perhaps in an attempt to present the same argument on federal Grounds 2 and 3 in federal court as was presented in the state appellate courts. The amended petition otherwise did not reassert Ground 1 and the remaining allegations in the original petition as to Grounds 2 and 3. (ECF No. 18.)

Given that the Court had neither directed petitioner to file an amended petition nor granted him leave to do so, the Court had had no occasion to give a standard admonishment to the *pro se* petitioner that under Local Rule LR 15-1 an amended petition must be complete in itself without reference to previously filed papers, that the claims and allegations stated in the amended petition thus would be the only matters remaining before the Court, and that any claims or allegations that were left out of the amended petition or that were not re-alleged therein no longer would be before the Court.

***Discussion***

Following review of the state and federal procedural history outlined above, the Court has concerns as to whether petitioner was denied fundamental fairness in the state post-

1 conviction proceedings – in a manner which directly impinged upon his ability to present
2 claims of, *inter alia*, ineffective assistance of trial counsel. The state courts appointed
3 apparently conflict-laden state post-conviction counsel, refused to allow petitioner to even file
4 papers raising the conflict issue in the state district court, and then declined to consider the
5 conflict issue on appeal because the issue had not been raised in the district court – by the
6 very same apparently conflict-laden counsel and after petitioner was not allowed to file proper
7 person papers raising the conflict.

8 Against that backdrop, the Court is not persuaded that Ground 1 necessarily would be
9 held to be completely unexhausted if petitioner had the opportunity to present argument
10 through competent federal habeas counsel in this proceeding. Competent counsel potentially
11 might argue, *inter alia*, that: (1) Ground 1 arguably was exhausted at least in part by the state
12 post-conviction appeal claim challenging the denial of the ineffective-assistance claim on the
13 allegedly incomplete record considered by the state district court; and/or (2) to the extent that
14 Ground 1 is actually unexhausted, the claim arguably is technically exhausted by procedural
15 default because the claims would be procedurally barred in the state courts at this point and
16 petitioner perhaps can establish cause only under *Martinez v. Ryan*, 566 U.S. 1 (2012), which
17 the Nevada state courts do not recognize as a basis for overcoming state procedural bars,
18 *see Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).[4]

19 The Court further is not persuaded that Ground 2 necessarily would be held to be
20 completely unexhausted if petitioner had the opportunity to present argument through
21 competent federal habeas counsel. Competent counsel potentially might argue, *inter alia*,
22 that the conflict-of-interest claim in fact was fairly presented to the state appellate courts in

---

[4]*See generally Myers v. Filson*, 2017 WL 5559954, at *2-*4, No. 3:14-cv-00082-MMD-VPC (D. Nev. Nov. 17, 2017)(discussing the interaction of exhaustion and procedural default rules in circumstances where *Martinez* is the only available argument for overcoming an otherwise probable procedural default).

The Court expresses no definitive view as to the issues preliminarily discussed in the text or as to any other procedural or substantive issue in this action. The Court is illustrating issues that potentially could be raised by competent federal habeas counsel against the backdrop of the state and federal procedural history herein, in a context where the unrepresented and still relatively young petitioner has presented little in the way of apposite argument in response to the motion to dismiss.

a procedural context – indeed the only procedural context – in which the claim possibly could have been presented and considered, and in which it arguably should have been considered, given both the actions of the state district court and clerk and the failure of apparently conflict-laden post-conviction counsel to inform the state district court of the conflict of interest in the first instance.

Nor is the Court persuaded that Ground 2 necessarily would be held to be noncognizable following full briefing with appointed federal habeas counsel. Respondents rely upon older Ninth Circuit precedents suggesting that ineffective assistance of state post-conviction counsel does not give rise to an independent constitutional violation. *See, e.g., Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). The subsequent Supreme Court authority in *Martinez*, however, emphasizes that the Court in fact reserved ruling in *Coleman v. Thompson*, 501 U.S. 722 (1991), as to whether there is an independent constitutional right to effective assistance of counsel in state post-conviction proceedings where such collateral review proceedings are the first proceeding in which a state inmate can raise claims of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 8-9. Subsequent Ninth Circuit authority explicitly has acknowledged that the Court of Appeals potentially could "recognize the constitutional right left open by *Coleman* and acknowledged by *Martinez*." *Rudin v. Myles*, 781 F.3d 1043, 1054 n.13 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1157 (2016). Given these statements by the Supreme Court and the Court of Appeals, it is subject to question whether a claim such as that presented in Ground 2 is a noncognizable claim that cannot even be entertained by a federal habeas court. Whether a controlling decision ultimately recognizes the right remains to be determined, but the proposition that a pleading presenting such a claim fails to state even an arguable federal constitutional claim would appear to be a debatable one.[5]

The interests of justice accordingly require that petitioner be appointed federal habeas counsel to assure that he has the ability to present claims and procedural arguments

---

[5]The Court defers any discussion at this juncture with regard to Ground 3 as currently alleged.

unfettered by, *inter alia*, the continuing effects of an apparent conflict of interest in the state court proceedings. Fundamental fairness perhaps demands more than the arguably flawed process that petitioner received on state post-conviction review, whether that process now gives rise to a viable independently cognizable constitutional claim or instead ultimately has relevance only to the application of affirmative defenses on federal habeas review.

The Court accordingly will deny respondents' motion to dismiss without prejudice and, on *sua sponte* reconsideration, will grant petitioner's prior motions for appointed counsel.

With regard to the *pro se* amended petition, the pleading was filed without obtaining leave of court as required by Rule 15(a) of the Federal Rules of Civil Procedure. *Pro se* litigants remain bound by procedural rules. *E.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court otherwise is not inclined to liberally construe the pleading also as a motion for leave given that such a purportedly liberal construction potentially could operate to prejudice petitioner's interests here given the operation of Local Rule LR 15-1 with regard to the superseding effect of amendments. The matter of the content to be presented in amended pleadings will be left to the judgment of appointed habeas counsel, with the potential availability of relation back instead to the original petition.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 7) is DENIED without prejudice to the assertion or reassertion of any and all then applicable affirmative defenses following the filing of a counseled amended petition by appointed federal habeas counsel.

IT FURTHER IS ORDERED that petitioner's amended petition (ECF No. 18) is STRICKEN, without prejudice, for failure to first obtain leave of court.

IT FURTHER IS ORDERED that, following *sua sponte* reconsideration, petitioner's motions for appointment of counsel (ECF Nos. 2 and 14) are GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of

petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred twenty (120) days following entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk accordingly shall send a copy of this order, over and above normal service of the order upon the petitioner in proper person and respondents' counsel, to the Federal Public Defender and the CJA Coordinator for this division.

The Clerk further shall provide copies of all prior filings herein to the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: December 27, 2017

_____
Gloria M. Navarro
Chief United States District Judge