UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY RAY EMANUEL,<br><br>                    Petitioner,<br>     v.<br>DWIGHT NEVEN, et al.,<br><br>                    Respondents. | Case No. 2:16-cv-01368-GMN-EJY<br><br>**ORDER** |

    This habeas matter is before the Court on Petitioner Troy Ray Emanuel's counseled Motion for Final Order and Certificate of Appealability (ECF No. 56) ("Motion"). Respondents have opposed (ECF No. 59), and Emanuel has replied (ECF No. 60). For the reasons discussed below, the Motion is granted in part and denied in part, Emanuel's Amended Petition (ECF No. 29) is dismissed with prejudice, and the Clerk of Court will be instructed to enter judgment.

## **BACKGROUND**

    The parties are familiar with the factual and procedural background of this case. Thus, the Court will only discuss what is relevant to the Motion.

    In December 2017, the Court *sua sponte* reconsidered its prior denials of Emanuel's motions for appointment of counsel, appointed the Federal Public Defender's Office to represent him, and denied Respondents' motion to dismiss his petition without prejudice. (ECF No. 20 ("2017 Order").) As part of the reasoning for *sua sponte* reconsideration, the Court provided examples of certain arguments federal habeas counsel might make in response to Respondents' arguments for dismissal. (*Id*. at 6–7.) The Court noted that Supreme Court authority has left unanswered a question of whether a prisoner has a constitutional right to the effective assistance of post-conviction counsel in state post-conviction proceedings, where such proceedings are the first time a prisoner can present a trial-level ineffective assistance claim. (*Id*. at 7.) The Court also recognized that Emanuel might be able to establish cause for a defaulted claim of ineffective

assistance of trial counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id*. at 6.) However, the Court stated that its examples were merely a preliminary discussion of issues relative to the "interests of justice" standard under 18 U.S.C. § 3006A(a)(2), governing the appointment of counsel in habeas cases:

> The Court expresses no definitive view as to the issues preliminarily discussed in the text or as to any other procedural or substantive issue in this action. The Court is illustrating issues that potentially could be raised by competent federal habeas counsel against the backdrop of the state and federal procedural history herein, in a context where the unrepresented and still relatively young petitioner has presented little in the way of apposite argument in response to the motion to dismiss.

(*Id*. at 6 n.4.) Federal habeas counsel subsequently filed the Amended Petition (ECF No. 29).

In March 2020, the Court granted in part and denied in part Respondents' Motion to Dismiss (ECF No. 37), dismissing Grounds 2.3, 3.1, 3.2, and 4 with prejudice as non-cognizable, and finding that Grounds 1, 2.1, and 2.2 are unexhausted.[1] (ECF No. 53 ("Procedural Order").) Emanuel argued, among other things, that he could show cause and prejudice to excuse any default of unexhausted claims under *Martinez*. However, his arguments were precluded by *Martinez* because the default resulted from the error of post-conviction appellate counsel in the state habeas appeal—not an error by post-conviction counsel in the initial post-conviction proceeding. (*Id*. at 15–16.) The Court also declined to find Emanuel's claims technically exhausted:

> The Court will not hold claims to be exhausted on the premise that a petitioner's claims would be procedurally defaulted in state court absent an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims. *No such stipulation has been made here*.

(*Id.* at 16 (emphasis added).) Accordingly, the Procedural Order instructed Emanuel to:

---

[1] The unexhausted claims allege:

    Claim 1:    Emanuel was denied the effective assistance of trial counsel (Richard Tannery) as guaranteed by the Sixth and Fourteenth Amendments.
    Claim 2:    Emanuel was denied the effective assistance of trial counsel (Roy Nelson) as guaranteed by the Sixth and Fourteenth Amendments.
                2.1    Nelson convinced Emanuel to abandon a pre-sentencing motion to withdraw guilty plea and to instead pursue the issue in a post-conviction proceeding.
                2.2    Nelson failed to perfect Emanuel's direct appeal despite being requested to file an appeal.

      a. File a motion to dismiss the entire amended petition without prejudice so he may return to state court to exhaust the unexhausted claims (Grounds 1, 2.1, and 2.2); and/or

      b. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his amended petition in abeyance while he returns to state court to exhaust the unexhausted claims.

(*Id.* at 18.) Emanuel then filed the current Motion seeking a final order and certificate of appealability.

## **DISCUSSION**

### I. THE PARTIES' POSITIONS

Emanuel now asserts that returning to state court for exhaustion purposes is untenable because Nevada does not recognize ineffective assistance of post-conviction or appellate counsel as good cause to excuse procedural defaults. (ECF No. 56 at 2.) Without such arguments, he claims his only remaining basis for good cause is to challenge the post-conviction proceedings as fundamentally unfair. (*Id*. at 3.) However, the crux of that argument is post-conviction counsel's conflict of interest and, he asserts, that is unlikely to be a viable good-cause argument since Nevada does not recognize post-conviction counsel's conflict as providing good cause. (*Id.*) Because the chances of success are small and the process would take roughly two years to complete, he asks the Court to enter a final order and grant a certificate of appealability ("COA") to allow him to immediately appeal the Procedural Order to the Ninth Circuit. (*Id.*) If this Court is inclined to issue a final order without a COA, he asks the Court to give him the option of proceeding with a final order (without a COA) or filing a motion to stay so he may return to state court, despite the slim chances of winning relief. (*Id*. at 4.)

Emanuel further argues that a COA is warranted. First, he points to the Court's initial evaluation of his claims when appointing federal habeas counsel. (*Id*. at 5 (citing (ECF No. 20).) Emanuel asserts the COA standard is met here because the Court suggested several possible arguments federal habeas counsel could make regarding exhaustion and procedural bars, and federal habeas counsel did in fact make those arguments in opposing Respondents' dismissal motion. (*Id*. at 6–7.) He maintains that the Court's ultimate rejection of his arguments after full briefing has no bearing on whether a COA is appropriate. (*Id*. at 8.) Second, Emanuel asserts that

3

his amended petition contains valid constitutional claims. (*Id*. at 8–9.) He contends that reasonable jurists could disagree with the Procedural Order; thus, the COA standard is met.

Respondents oppose the Motion, arguing that Emanuel should still be required to return to state court absent an unequivocal declaration that he cannot overcome the state procedural bars except through *Martinez*.[2] (ECF No. 59 at 2.) They contend that the Motion seeks to cut out the state court's opportunity to consider his claims, which is contrary to the principles of comity. (*Id*. at 3–4.) Respondents further argue that the Court should not grant a COA. They acknowledge that the 2017 Order provided examples of what issues federal habeas counsel might raise but point out that it expressed no definitive view of procedural or substantive issues in this case. (*Id*. at 6.) Respondents argue the mere fact that an argument should be considered does not mean that it will meet the COA standard once it is actually presented. (*Id.*) Now that the Court has received additional briefing and portions of the state court record, Respondents assert that the Procedural Order was conclusive and a COA is not warranted. (*Id.*)

In his reply, Emanuel states that his "good cause argument *will* fail" and argues "he should not be forced to return to state court on a good cause argument that is at soundly rejected by controlling state law, simply in service of comity." (ECF No. 60 at 2.) Comity, Emanuel contends, is only relevant to available state remedies and his only remaining good-cause argument is soundly foreclosed by Nevada law. (*Id*. at 2–3 (collecting cases).) Because he has no "minimally viable argument for good cause" in Nevada courts, he maintains that a final order is warranted. (*Id*. at 4.) Emanuel reiterates that his opposition to Respondents' dismissal motion demonstrates that a COA is warranted. (*Id*. at 5.) But if the Court is not inclined to grant a COA, "counsel would like the opportunity to discuss it again with Emanuel so he can decide how to proceed." (*Id*.)

## II.   GOVERNING LAW AND ANALYSIS

### A.   Emanuel's Unexhausted Grounds 1, 2.1, and 2.2 are Now Procedurally Barred

A federal district court cannot grant a state prisoner's petition for writ of habeas corpus

---

[2] The Court held in the Procedural Order that *Martinez* does not apply to Emanuel's claims. (ECF No. 53 at 15–16.) Thus, the Court did not instruct Emanuel to choose between options that included an unequivocal declaration that he cannot overcome the state procedural bars except through *Martinez*.

1  unless the petitioner has fully exhausted available state court remedies with respect to each of the
2  issues presented, or the State has expressly waived the exhaustion issue. 28 U.S.C. § 2254(b), (c);
3  *see also Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). In general,
4  the court must dismiss an unexhausted petition without prejudice. *Coleman v. Thompson*, 501
5  U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition
6  should be dismissed if the prisoner has not exhausted available state remedies as to any of his
7  federal claims."). The court may exercise its discretion "to stay and hold in abeyance fully
8  unexhausted petitions under the circumstances set forth in *Rhines*." *Mena v. Long*, 813 F.3d 907,
9  912 (9th Cir. 2016). However, dismissal of the petition is standard where the exhaustion
10 requirement has not been met. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

11 A federal district court need not dismiss a claim on exhaustion grounds if it is clear that the
12 state court would find the claim procedurally barred under state law. *Castille v. Peoples*, 489 U.S.
13 346, 351 (1989); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (courts may consider a
14 claim procedurally defaulted if "it is clear that the state court would hold the claim procedurally
15 barred"). A "petitioner can unequivocally stipulate that he cannot overcome a procedural default
16 of the claim based upon applicable state procedural bars and then the Court will dismiss the ground
17 with prejudice as procedurally defaulted." *E.g.*, *Rodriguez v. Filson*, 3:15-cv-00339-MMD-WGC,
18 ECF No. 33 at 7–11, 2017 WL 6762466, at *5 (D. Nev. Dec. 29, 2017) (discussing the relationship
19 of exhaustion, procedural default, and *Martinez* in federal habeas cases in Nevada). To be
20 unequivocal, the petitioner's stipulation

> must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars; (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation probably has resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

27 *Id.* at *5 n.5.
28 Emanuel meets the three criteria for an unequivocal stipulation. His reply unequivocally

concedes that he cannot demonstrate cause and prejudice in Nevada courts to overcome the state procedural bars. (ECF No. 60 (stating that Emanuel's "non-*Martinez* good cause argument *will* fail").) He does not assert actual innocence to overcome the defaults nor argue that Nevada courts inconsistently apply the state procedural bars. Further, the Ninth Circuit has found NRS 34.726 and NRS 34.810(2)—Nevada's one-year statute of limitation for post-conviction petitions and prohibition on second or successive post-conviction petitions—to be independent and adequate state procedural rules as applied to non-capital cases. *E.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211–14 (9th Cir. 1999). The Court therefore finds that Emanuel's concession demonstrates that he cannot avoid dismissal of the unexhausted claims in Nevada courts.

Based on Emanuel's stipulation, Grounds 1, 2.1, and 2.2 are unexhausted *and* procedurally defaulted, which means dismissal of the amended petition is the only viable course of action. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). The Court has already addressed and denied in the Procedural Order Emanuel's arguments that (1) exhaustion was either satisfied or excused and (2) he demonstrated cause and prejudice under *Martinez*. All that was left for Emanuel to do was inform the Court whether he would move to dismiss the amended petition or seek "other appropriate relief," including but not limited to a stay and abeyance to present his unexhausted claims. Although he does not expressly ask for dismissal in the Motion, he seeks a "final order," which has the same practical effect. He concedes that his good cause argument *will* fail in Nevada courts; thus, a stay and abeyance will not allow him to overcome the procedural bar. Comity is not served by a futile exercise. Accordingly, Grounds 1, 2.1, and 2.2 are procedurally defaulted, no justiciable grounds remain, and the amended petition is dismissed with prejudice.

**B.     Certificate of Appealability**

This is a final order adverse to Emanuel. Under Rule 11 of the Rules Governing Section 2254 Cases, a district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner. Generally, a petitioner must make "a substantial

showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Where a district court denies relief on procedural grounds without reaching the underlying constitutional claim, the court applies a two-step inquiry to decide whether a certificate of appealability is appropriate. *Payton v. Davis*, 906 F.3d 812, 820 (9th Cir. 2018). A petitioner must show both that jurists of reason would find it debatable (1) " 'whether the petition states a valid claim of the denial of a constitutional right'," and (2) " 'whether the district court was correct in its procedural ruling'." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484); *Payton*, 906 F.3d at 820 ("Both components must be met before [the Ninth Circuit] may entertain the appeal.") (citing *Slack*, 529 U.S. at 484–85). To meet the threshold inquiry, a petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *See Allen v. Ornoski*, 435 F.3d 946, 950–951 (9th Cir. 2006).

Emanuel contends that reasonable jurists could disagree with the Court's conclusions that Grounds 2.3, 3.1, 3.2, and 4 are not cognizable because they are valid claims. Grounds 3.1, 3.2, and 4 alleged due process violations in Emanuel's state post-conviction proceedings (ECF No. 29 at 37–43), and Grounds 2.3 and 3.2 alleged that post-conviction counsel provided ineffective assistance (*Id.* at 35–37, 40–41).

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Black's Law Dictionary (11th ed. 2019) (defining "cognizable" as "Capable of being known or recognized").

First, with regard to Grounds 3.1, 3.2, and 4, reasonable jurists would not find debatable or wrong this Court's conclusion that Emanuel's due process claims are non-cognizable and foreclosed by Ninth Circuit precedent. (ECF No. 53 at 8–9 (citing *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (affirming dismissal of non-cognizable grounds); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").)

7

Second, with regard to Grounds 2.3 and 3.2, reasonable jurists would not find debatable or wrong this Court's conclusion that Emanuel's ineffective assistance claims against post-conviction counsel are not cognizable. (*Id*. at 9–10.) As support for his position, Emanuel points to the 2017 Order in which the Court recognized that the Supreme Court has left unanswered a question of whether a prisoner has a constitutional right to the effective assistance of post-conviction counsel in state post-conviction proceedings, where such proceedings are the first time a prisoner can present a trial-level ineffective assistance claim.[3] (ECF No. 20 at 7.) The Court stated:

> it is subject to question whether a claim such as that presented in Ground 2 is a noncognizable claim that cannot even be entertained by a federal habeas court. Whether a controlling decision ultimately recognizes the right remains to be determined, but the proposition that a pleading presenting such a claim fails to state even an arguable federal constitutional claim would appear to be a debatable one.

(*Id.*) The Court is not persuaded that its preliminary assessment inexorably leads to the conclusion that reasonable jurists could debate the cognizability of such claims. The mere existence of an open question of constitutional law does not state a facially plausible claim upon which relief may be granted. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a pleading "must plausibly suggest an entitlement to relief," such that it is not unfair to subject the opposing party to continued litigation).

Third, with regard to the inapplicability of the *Martinez* exception to Grounds 1, 2.1, and 2.2, reasonable jurists would not find debatable or wrong this Court's conclusion that *Martinez* exception was unavailable because Emanuel's defaults resulted from the error of post-conviction appellate counsel in the state habeas appeal—not an error by post-conviction counsel in the initial post-conviction proceeding. (ECF No. 53 at 6–7, 15–16.) *Martinez* cannot excuse a procedural default caused by "attorney errors in … appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." 566 U.S. at 16–17.

Nevertheless, the Court grants a COA as to one procedural issue: whether exhaustion was

---

[3] *E.g.*, *Martinez*, 566 U.S. at 8–9; *Coleman v. Thompson*, 501 U.S. 722 (1991); *see also Rudin v. Myles*, 781 F.3d 1043, 1054 n.13 (9th Cir. 2015); *but see Buenrostro v. United States*, 697 F.3d 1137, 1139–40 (9th Cir. 2012) ("*Martinez* did not decide a new rule of constitutional law.").

8

excused for Grounds 1, 2.1, and 2.2 because circumstances existed that rendered the available State corrective process ineffective to protect Emanuel's rights. (*See* ECF No. 53 at 14–15.) After considering the totality of the post-conviction proceedings and state habeas appeal, the Court could not conclude that exhaustion was excused but acknowledged "patent deficiencies in the post-conviction proceedings." (*Id*. at 14.) Reasonable jurists could debate whether such patent deficiencies were sufficient to render futile Emanuel's efforts to obtain relief thereby excusing the exhaustion requirement for Grounds 1, 2.1, and 2.2.

### C. Additional briefing

In his reply, Emanuel argued that a COA is warranted but hedged his bet by stating, if the Court is not inclined to grant a COA, "counsel would like the opportunity to discuss it again with Emanuel so he can decide how to proceed."[4] (ECF No. 60 at 5.) The Court pauses here to note that, even if it denied a COA, the Court is not inclined, either generally or this nearly five-year-old case in particular, to allow piecemeal litigation of every potential outcome a petitioner may face. Such approach is likely the *least* efficient or expedient method to resolve cases as it increases the Court's workload and delays a decision while a new round of response and reply deadlines run. The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*., sets a three-year goal for resolution of each civil case on the merits, *id.* § 476(a)(3), and encourages "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition," *id.* § 473(a). Lengthy habeas litigation is generally incompatible with the purposes served by the Antiterrorism and Effective Death Penalty Act ("AEDPA"): finality, efficiency, and comity.

Absent a contrary prior order specifically authorizing bifurcated or supplemental briefing, counsel are responsible for fully briefing the issues implicated by any dispositive motion or issue, such as the issue addressed in this case. *See, e.g.*, *Rodriguez*, 2017 WL 6762466, at *5 ("The Court will not delay the next action step in the case for stand-alone briefing with argument that instead

---

[4] The Court further notes that the outcome in this case—*i.e.*, dismissal with prejudice because Grounds 1, 2.1, and 2.2 are procedurally barred—is based on Emanuel's unequivocal stipulation. *See Dickens*, 740 F.3d at 1317. He may choose not to proceed on appeal, but his concession foreclosed the *Rhines* stay and abeyance procedure, so there is no need to further delay these proceedings to give counsel the opportunity to discuss it with him again.

should have been presented with the argument on the motion to dismiss."); *Myers v. Filson*, 3:14-cv-0082-MMD-VPC, ECF No. 57, 2017 WL 5559954, at *4 (D. Nev. Nov. 17, 2017).  In other words, the Court will not authorize endless rounds of supplemental briefing when the parties are well versed in federal habeas procedure and have had ample time to confer with their clients and definitively advise the Court of their litigation positions.

### III. CONCLUSION

**IT IS THEREFORE ORDERED:**

1. Petitioner Troy Ray Emanuel's counseled Motion for Final Order and Certificate of Appealability (ECF No. 56) is GRANTED in part and DENIED in part as stated herein.

2. Grounds 1, 2.1, and 2.2 are DISMISSED with prejudice as unexhausted and procedurally barred.

3. Emanuel's Amended Petition for Writ of Habeas Corpus (ECF No. 29) is DISMISSED with prejudice.

4. Emanuel is granted a certificate of appealability as to one procedural issue (whether exhaustion was excused for Grounds 1, 2.1, and 2.2 because circumstances existed that rendered the available State corrective process ineffective to protect Emanuel's rights) and denied as to all other procedural and substantive grounds.

5. The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED: February 25, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE